IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nathaniel Glenn, Jr., <br><br> PLAINTIFF, <br><br> v. <br><br> Joyce K. Monts, Detective Bobby Carias, Melissa Lawson, Chris D. Marchi, Christian Brock, Chadwick Teasley, <br><br> DEFENDANTS. | Case No. 6:19-cv-03458-TLW <br><br> **Order** |

Plaintiff Nathaniel Glenn, Jr., a state prisoner proceeding *pro se*, filed this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed on May 14, 2020, by the magistrate judge to whom this case was assigned. ECF No. 42. The Report discusses both the procedural aspects of this case and the substantive analysis in detail. On June 15, 2020, Plaintiff filed a "response to the Report" which this Court construed as objections. ECF No. 45.

The Complaint states a number of allegations stemming from Plaintiff's state criminal charge and conviction in 2004 as well as events which occurred following his incarceration with SCDC. The Plaintiff alleges that the Defendants, including a confidential informant, four detectives from the Greenville County Sheriff's Office, and the solicitor assigned to his case, violated his constitutional rights in his 2004 trial and conviction. Additionally, the Plaintiff alleges that while in jail following his conviction, he was attacked by fellow inmates and had to be hospitalized. The Plaintiff contends that the Defendants are liable for these injuries

1

because it was their unlawful conduct that led to him being incarcerated. Finally, the Plaintiff alleges that these defendants used excessive force during his arrest in 2000.

The magistrate previously issued an order instructing Plaintiff that his complaint was subject to dismissal as it fails to state a claim upon which relief may be granted. ECF No. 25. The magistrate judge instructed Plaintiff that he was permitted to amend his complaint within 14 days. After Plaintiff did not respond to the order, the magistrate judge issued a Report & Recommendation recommending that the action be dismissed. After the time period to file an objection to the Report & Recommendation ended, Plaintiff filed a motion for extension of time to amend his complaint. ECF No. 33. The magistrate granted the motion in part and allowed Plaintiff fourteen additional days to amend his complaint. After Plaintiff failed to amend his complaint or respond in any manner, the magistrate judge issued the instant Report.

In the Report, the magistrate judge recommends that Plaintiff's case be dismissed in part under Rule 41(b) for failure to prosecute, but also discusses the claims raised in detail. Specifically, the magistrate judge found that Solicitor Monts has prosecutorial immunity from this action, citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 267– 71j (1993). As to the excessive force claims, the magistrate judge found that the claims should be dismissed as they are barred under the doctrine of *res judicata* as to Detectives Brock and Marchi as the claim has previously been adjudicated and decided adversely to Plaintiff. See *Glenn v. Cannon, et al.*, C/A No. 6:03-cv-01582-RBH (D.S.C.), *appeal dismissed*, C/A No. 05-6222 (4th Cir. 2015).[1] Further, the magistrate judge found that with respect to the two additional

---

[1] The Court has reviewed the record and the Report and Recommendation in the excessive force case filed by Plaintiff in 2003. In that case, the magistrate judge

defendants named who were purportedly also part of the arrest, Detectives Lawson and Carias, issue preclusion applies to bar the action. As to the failure to protect claim, the magistrate judge found that the claim does not plausibly state a failure to protect claim because a plaintiff must allege factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk. Here, Plaintiff's conclusory allegations that "the defendants are liable for the attack that occurred in prison, solely because he traces his incarceration back to them, fails to meet the plausibility standard." ECF No. 42 at 7. Again, Plaintiff does not assert that prison officials had knowledge of a risk of harm posed by other inmates, but "traces" his incarceration back to the law enforcement officers involved in the criminal charge and conviction.

Finally, as to the remaining allegations challenging his arrest and criminal charges including: that informant Teasley was allowed to lie on the stand; that Detective Lawson offered untrue testimony that the plaintiff was a "higher up" dealer in the organization; that Solicitor Monts entered "tainted" evidence with "doctored audio and video" footage during the trial; and that Solicitor Monts bolstered perjured testimony by the "state's two main witnesses" the magistrate judge found that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (footnote omitted) ("We hold that, in order to recover damages for

---

recommended dismissal of Plaintiff's case after a detailed analysis of the factors laid out by the Supreme Court in *Graham v. Conner*, 490 U.S. 386 (1989). After a thorough analysis of each factor, the magistrate judge determined that "[t]he facts and circumstances in the record disclose that the defendants did not use unconstitutionally excessive force on the plaintiff." ECF No. 32 at 7. The District Court subsequently adopted the Report. ECF No. 34.

allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid,…a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.") As Plaintiff's conviction still stands, Plaintiff's claims regarding his criminal convictions are subject to dismissal.

After the magistrate judge filed the Report, Plaintiff filed objections as noted. ECF No. 45. The objections do not offer a legal or factual basis to reject the Report. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the detailed Report and the objections. After careful review of the Report and the objections, for

4

the reasons stated by the magistrate judge, the Report, ECF No. 42, is **ACCEPTED**. Plaintiff's objections, ECF No. 45, are **OVERRULED**.  Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

    **IT IS SO ORDERED**.

                                                  *s/ Terry L. Wooten*
                                                  Terry L. Wooten
                                                  Senior United States District Judge

December 3, 2020
Columbia, South Carolina